**Anthony D. DALESIO, Plaintiff,**

v.

**ALLEN–BRADLEY COMPANY, a corporation, and Euclid Electric & Manufacturing Division of Harvey Hubbell, Inc., a corporation, Defendants,**

v.

**McGRAW EDISON, POWER SYSTEMS DIVISION, Third-Party Defendant.**

**Civ. A. No. 73–368.**

United States District Court,
W. D. Pennsylvania.

Oct. 16, 1974.

Wray G. Zelt III, Washington, Pa., for plaintiff.

Charles Kirshner, Pittsburgh, Pa., for Allen-Bradley Co.

Clem R. Kyle, Pittsburgh, Pa., for Euclid Electric & Manufacturing.

Louis B. Loughren, Pittsburgh, Pa., for McGraw-Edison.

## OPINION AND ORDER

SNYDER, District Judge.

There is before this Court for determination, the Motion for Summary Judgment filed by the Defendant Allen-Bradley Company (Allen-Bradley) pursuant to Rule 56, Fed.R.Civ.P.,[1] which is based primarily on the contention that under the law and the record as it now stands, there is no genuine issue as to any material fact, and viewed in the light most favorable to the Plaintiff, that Defendant is entitled to judgment as a matter of law.

The Plaintiff's cause of action arises out of the de-energizing of an electric magnet holding a three thousand pound coil of steel wire, which was allowed to fall onto the Plaintiff causing serious injury.

Allen-Bradley's Motion for Summary Judgment is based upon the following contentions:

1. That Plaintiff's action cannot be maintained because it is based on the theory that a selector switch manufactured by Allen-Bradley was defectively designed, and that it moved from the "on" to the "off" position with little or no resistance whatsoever, and that it did not have a guard surrounding the knob area. Allen-Bradley contends that even if these allegations of Plaintiff are taken as true, the Plaintiff cannot prove that any alleged defect was the proximate cause of his accident.

2. That the Plaintiff's deposition shows that he is "unable to conclude with any degree of certainty exactly how this accident happened", and he cannot, therefore, recover.

3. That the switch in question was not defectively designed, and if the application to which it was put was an im-

---

1. Federal Rule of Civil Procedure 56(b) provides:

(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

proper application, the responsibility lies solely with the Third-Party Defendant, McGraw Edison.

4. There is no liability, as a matter of law, on the manufacturer of a switch having a myriad of uses and applications when a particular choice of application without safeguards (which were available) is made by an assembler, without consulting with the manufacturer.

The Plaintiff in his Claim sets forth that the Defendant Allen-Bradley was negligent because of its defective design of the switch, not only by not equipping the switch with a guard, but also by not making a guard for use with its two-way selector switches and/or by not offering said guards for sale to the public. Allen-Bradley seems to contend that if the Plaintiff cannot state exactly what occurred, he cannot prove, assuming the switch did move from "on" to "off" with little or no resistance, that this was the proximate cause of his injury. In his deposition, the Plaintiff stated he could not tell what had caused the switch to move from one position to the other, and stated "I could either have bumped it with my elbow or the switch box could turn around and bump the pallet." (Pages 13–14) When asked specifically if he had bumped it with his elbow, he said he did not know. (Page 29). When asked if the switch bumped a pallet with enough force to change its position, he answered that he did not know. (Page 32).

The Plaintiff, to the contrary, contends that he would be able to prove, by circumstantial evidence, that the magnet was de-energized and the coil caused to fall *only* by the switch on the pendant station being "bumped off". Plaintiff theorizes there are only two possible ways for the magnet to become de-energized. One would be because of lack of electricity from the main power source in the plant (denied by all concerned), and the other would be that the Allen-Bradley switch had been turned off by the application of force, however slight, against which Defendant Allen-Bradley should have provided a guard.

 Summary Judgment is not usually appropriate in negligence cases. Croley v. Matson Navigation Company, 434 F.2d 73 (5th Cir. 1970); Pirocchi v. Liberty Mutual Insurance Co., 365 F. Supp. 277 (E.D.Pa.1973). To sustain a Summary Judgment, the Defendant must demonstrate that the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue as to any material fact. Shaughnessey v. Penn Central Transportation Co., 454 F.2d 1223 (3d Cir. 1972); Kress, Dunlap & Lane, Ltd. v. Downing, 286 F.2d 212, 214–215 (3d Cir. 1960); Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 190 F.2d 817, 824 (3d Cir. 1951).

 There are cases, however, such as Cali v. Eastern Airlines, Inc., 442 F. 2d 65 (2d Cir. 1971) and Empire Electronics Co. v. United States, 311 F.2d 175 (2d Cir. 1962), which hold that although there may be no dispute as to the basic evidentiary facts, summary judgment is improper where the case stands or falls on the inference that may be drawn from these facts—particularly, where the inferences depend upon subjective feelings and intent. See comments so holding in Donnelly v. Guion, 467 F.2d 290, 294 (2d Cir. 1972). This rule applies where the "undisputed evidentiary facts disclose competing material inferences as to which reasonable minds might disagree . . ." (442 F.2d at 71).

 In the instant case then, the Court finds that under the depositions and interrogatories there is a definite issue of material fact which is in dispute which, therefore, makes summary judgment improper.

 As noted by Judge Rosenn in Green v. Parisi, 478 F.2d 313 (3d Cir.

1973), Footnote 2, Page 316, under Pennsylvania law the burden to present an issue of fact to the jury can be fulfilled entirely by circumstantial evidence from which reasonable inferences are deducible. In this case, circumstantial evidence may well be offered under the depositions as taken from which the inference of liability could be deduced. It is solely a question of what testimony will be produced at the time of hearing. *Cf.* Weidemoyer v. Swartz, 407 Pa. 282, 180 A.2d 19 (1962); Smith v. Bell Telephone Company of Pennsylvania, 397 Pa. 134, 153 A.2d 477 (1959); Hines v. Fanti, 374 Pa. 254, 97 A.2d 808 (1953).

A more difficult question is raised by the assertion that even if there is a permissible inference as to how the accident occurred, such accident could in no way be attributed to any fault or negligence on the part of Defendant Allen-Bradley. The Defendant says, in effect, that the Plaintiff is unable to show such negligence on its part, for the reason that the only deduction which can be made from Plaintiff's pleadings is that a wrong switch was chosen to be used in a certain application, and that choice was made by McGraw Edison personnel—not by Allen-Bradley. To the contrary, the Plaintiff refers to the Deposition of Robert J. Higerd, a manufacturing engineer, who will testify that the Allen-Bradley switch was a proper selection for the specific application in question. Plaintiff insists that the fact that an employer purchases or uses unguarded machinery or equipment does not relieve the manufacturer of liability for producing and marketing an otherwise dangerous or dangerously designed product. Dorsey v. Yoder Company, 331 F.Supp. 753 (E.D.Pa.1971), aff'd 474 F.2d 1339 (3d Cir. 1973); Jennings v. Tamaker Corporation, 42 Mich.App. 310, 201 N. W.2d 654 (1972); Suvada v. White Motor Company, 32 Ill.2d 612, 210 N.E.2d 182 (1965).

Defendant asserts that no such responsibility can be attributed to the manufacturer of a switch, who manufactures hundreds of switches for thousands of applications, when a user selects the wrong type of switch and has its own engineering personnel wire up the switch in its own way. Furthermore, the Defendant states and has submitted various exhibits to this question, that it did manufacture a guard usable with the particular selector switch in question here and can, thus, not have any liability under the circumstances.

Significant disagreement exists between Plaintiff and Defendant as to the inferences which can be drawn from the various catalogue pages submitted on the matter of whether or not a particular guard is available for the two-way selector switch, as compared to a guard made by Defendant which only fits a push button switch. All of which simply shows the existence of a material question of fact which, at the present time, prevents conclusory action by this Court.

It is the Court's opinion, therefore, that the Motion of Allen-Bradley for Summary Judgment must be denied at this time. There may well be a serious question, after all of the testimony has been presented, as to the liability of Allen-Bradley in light of such cases as Lockett v. General Electric Company, 376 F.Supp. 1201 (E.D.Pa.1974), but these matters can not be determined now on this Motion for Summary Judgment.

An appropriate Order will be entered.