Lorraine **BARRON** and William Barron, h/w

v.

**HONEYWELL, INC., MICRO SWITCH DIVISION, et al.**

v.

**METALLIC METALS, PLASTICS DIV., et al., Third-Party Defendants**

v.

Richard **WILSON**, t/a Wilson Tool and Dye Co., Fourth-Party Defendant.

**Civ. A. No. 73–316.**

United States District Court,
E. D. Pennsylvania.

Oct. 14, 1975.

Sol H. Weiss, Philadelphia, Pa., for plaintiffs.

Norbert F. Bergholtz, Harry A. Short, Jr., Barbara Pennell, Paul J. Senesky, Daniel J. Ryan, Robert St. L. Goggin, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is third-party defendant Harry Rubin's ("Rubin") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For reasons more fully set out below, the motion will be denied.

On June 21, 1972, Lorraine Barron was at work operating a plastic injection molding machine when her left hand was crushed by the machine causing multiple injuries. In their amended complaint, plaintiffs allege that the injuries were caused by: (1) the dangerous, unsafe, and defective design of the machine manufactured by defendant Package Machinery Company; (2) the dangerous, unsafe, and defective precision limit switch manufactured by defendant Honeywell, Inc. ("Honeywell"); and (3) the dangerous, unsafe, and defective redesign of the machine, and its negligent repair, by defendant Sperry Rand Corporation, Vickers Division.

Subsequent to the filing of the original complaint, there were various joinders of third-party defendants and a fourth-party defendant, as well as a multitude of counterclaims and cross-claims. For the purpose of this motion, we are only concerned with the joinder of Rubin as a third-party defendant by defendant Honeywell. In its third-party complaint, Honeywell seeks indemnity or contribution and alleges that if the accident occurred as alleged in plaintiffs' amended complaint, then it was caused by Rubin's negligence, specifically Rubin's failure to inspect the machine.

Harry Rubin, a broker in plastic products, bought the said machine from fourth-party defendant Richard Wilson in August of 1971 for $3,500.00. He leased the machine to third-party defendant Magnetic Metals Company ("Magnetic") (Lorraine Barron's employer), so that Magnetic would be able to produce certain plastic products that Rubin was in the business of purchasing. At the time of the accident, Rubin owned the machine and continued to do so until he gave Magnetic permission to sell it in August of 1972.

It is well settled that summary judgment may only be awarded where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Redhouse v. Quality Ford Sales, Inc.,* 511 F.2d 230, 234 (10th Cir. 1975); *Kao v. Red Lion Municipal Authority,* 381 F.Supp. 1163, 1167 (M.D.Pa.1974). Moreover, the pleadings must be liberally construed in favor of the party opposing summary judgment, and that party

392

should be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue exists that justifies proceeding to trial. *Redhouse v. Quality Ford Sales, Inc., supra,* 511 F.2d at 234; *Suchomajcz v. Hummel Chemical Company,* 385 F.Supp. 1387, 1389 (E.D.Pa.1974); 10 *Wright & Miller, Federal Practice and Procedure: Civil* § 2725 at 510 (1973). Finally, we note that summary judgment is usually not appropriate in negligence cases, *Id.* at § 2729, because the application of the reasonable person standard normally requires a full exposition of all the underlying facts and circumstances. *Dalesio v. Allen-Bradley Company,* 64 F.R.D. 554, 556 (W.D.Pa.1974); *Suchomajcz v. Hummel Chemical Company, supra,* 385 F.Supp. at 1392; *Pirocchi v. Liberty Mutual Insurance Co.,* 365 F.Supp. 277, 282 (E.D.Pa.1973).

■ In the instant case, the Court finds after examination of the pleadings, interrogatories and depositions that there are definite issues of material fact which are in dispute, making summary judgment improper. For example, at various places in his deposition, Rubin states he never owned the machine. In contrast, the manager of Magnetic's plastics division, Heinz Schaefer, stated that it was his understanding that Rubin owned the machine. In addition, Rubin himself stated that he signed a "piece of paper" which Magnetic needed in order to sell the machine. Concerning control of the machine, even though Rubin was not involved in its day-to-day operation, he was sufficiently involved to have seen the machine malfunction twice due to a lack of oil. Also, he retained sufficient control, such that Magnetic complied with Rubin's request to produce his product on the machine. Suffice it to say that there are serious questions as to Rubin's ownership and control of the machine, which possibly gave rise to a duty on Rubin's part to

have the machine inspected in order to make it safe for the use for which it was supplied.

It is the Court's opinion, therefore, that the motion of Harry Rubin for summary judgment must be denied at this time. Although there may be a serious question, after all of the testimony has been presented, as to the liability of Rubin in light of such cases as *Lockett v. General Electric Company,* 376 F. Supp. 1201 (E.D.Pa.1974), *aff'd,* 511 F.2d 1394 (3d Cir. 1975), and *Fullard v. Urban Redevelopment Authority,* 222 Pa.Super. 184, 293 A.2d 118 (1972), the matter cannot be determined now on this motion for summary judgment. Accordingly, the motion will be denied.