**MOTOR MASTER PRODUCTS CORP.**

v.

**MOTOR MASTERS WAREHOUSE, INC.**

Civ. A. No. 76–3962.

United States District Court,
E. D. Pennsylvania.

Feb. 27, 1978.

**166**

Stanley H. Cohen, Philadelphia, Pa., for plaintiff.

John H. Potts, Philadelphia, Pa., for defendant.

## MEMORANDUM

BECHTLE, District Judge.

Plaintiff Motor Master Products Corporation brought this action against defendant Motor Masters Warehouse, Inc., for trademark infringement and unfair competition, in violation of 15 U.S.C. § 1114(1).[1] The jurisdiction of this Court is based upon 15 U.S.C. § 1121 and 28 U.S.C. § 1338. Presently before the Court is plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, plaintiff's motion will be denied.

Plaintiff Motor Master Products Corporation, incorporated in Illinois in 1934, is a manufacturer and nationwide seller of automotive parts and components. Defendant Motor Masters Warehouse, Inc., incorporated in Pennsylvania in 1954, is a wholesale distributor of brand name automotive parts and components, and serves a market solely within a 75-mile radius of Philadelphia. Defendant does not distribute any of plaintiff's products, and does not maintain any affiliation or connection with the plaintiff's business.

In its complaint, plaintiff alleges that defendant's trade name and corporate name are dominated by the term "Motor Master," and that such use by the defendant is a reproduction, counterfeit, copy or colorable imitation of plaintiff's registered trademarks, in violation of 15 U.S.C. § 1114(1). Plaintiff owns three uncontestable federal registrations, currently in full force and effect, for the trademark "MOTOR MAS-

1. 15 U.S.C. § 1114(1) provides:
   (1) Any person who shall, without the consent of the registrant—
      (a) use in commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
      (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.
   shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) of this section, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

TER" as applied to spark plugs, universal joints and parts thereof.[2] The "MOTOR MASTER" trademark has been used by plaintiff to identify its automotive parts and products since 1936, in compliance with the notice and display requirements of 15 U.S.C. § 1111.[3] The thrust of plaintiff's complaint is that defendant's alleged infringement upon its registered "MOTOR MASTER" trademarks is likely to cause confusion, mistake or deception whereby purchasers of plaintiff's "MOTOR MASTER" automotive products will erroneously believe that defendant is affiliated or otherwise connected with the plaintiff, thereby causing damage and injury to the goodwill associated with plaintiff's trademarks. Specifically, plaintiff argues that defendant's use of its trademark in defendant's trade name will increase the likelihood that its customers will not buy plaintiff's products because they will regard plaintiff both as a supplier and as a competitor in the wholesale distribution of automotive parts. Plaintiff also alleges in its complaint that defendant's use of the term "Motor Master" in connection with defendant's business constitutes an act of unfair competition which dilutes the distinctive quality of plaintiff's name and causes a loss in the value of the secondary meaning of the "MOTOR MASTER" trademarks. *See Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 205, 62 S.Ct. 1022, 86 L.Ed. 1381 (1942); 15 U.S.C. § 1114(1). Plaintiff expressly waives monetary damages arising out of defendant's alleged trademark infringement and unfair competition, and limits its claims on both counts to injunctive relief, pursuant to 15 U.S.C. § 1116.

■ To prevail upon its motion for summary judgment, plaintiff must conclusively demonstrate that there is no genuine issue as to any material fact.[4] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Inferences to be drawn from the underlying facts contained in the movant's materials must be viewed in the light most favorable to the opposing party. *Id.*, at 157, 90 S.Ct. 1598. This liberal construction by the Court provides the opponent to the motion the benefit of all reasonable doubts in the determination of the existence of any genuine issue of material fact which should be preserved for trial. *Barron v. Honeywell, Inc., Micro Switch Div.*, 69 F.R.D. 390, 391–392 (E.D. Pa.1975). Once the movant sustains its burden by demonstrating the absence of a genuine issue of material fact, the burden shifts to the opponent to present countervailing evidence, by Fed.R.Civ.P. 56(e) affidavits or otherwise, to establish a genuine factual dispute. *Scooper Dooper, Inc. v. Kraftco Corp.*, 494 F.2d 840, 848 (3d Cir. 1974). However, the burden does not shift, and summary judgment must be denied, where the exhibits, affidavits or other matter submitted by the proponent in support of the motion do not establish the absence of a genuine issue of material fact, even if no countervailing evidence is presented by the opponent. *Adickes v. S. H. Kress & Co.*, *supra*, 398 U.S. at 160, 90 S.Ct. 1598, *citing* Advisory Committee Note on 1963 Amendment to Fed.R.Civ.P. 56(e).

■ A trademark is a symbol which conveys to prospective purchasers the source of the manufacture of the product on which it appears. Association or identification of a trademark with a particular

**2.** Motor Master Products Corporation owns: Trademark No. 339,620, registered October 13, 1936; Trademark No. 610,599, registered August 16, 1955; and, Trademark No. 636,788, registered November 6, 1956.

**3.** 15 U.S.C. § 1111, *as amended*, provides, in pertinent part:

[A] registrant of a mark registered in the Patent and Trademark Office, may give notice that his mark is registered by displaying with the mark as used the words "Registered in U.S. Patent and Trademark Office" or "Reg. U.S. Pat. & Tm. Off." or the letter R enclosed with a circle, thus ® . . . .

**4.** Fed.R.Civ.P. 56(c) states, in pertinent part, that a party is entitled to summary judgment only ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

product over a period of time establishes a secondary meaning in the minds of potential customers with respect to the quality and desirability of the product. Once this secondary meaning is attained, the trademark owner acquires valuable interests which are protected by the law against unwarranted use of the trademark. *See Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co., supra,* 316 U.S. at 205, 62 S.Ct. 1022; 15 U.S.C. § 1114(1). The interests protected by the trademark are the prevention of the diversion of patronage, the maintenance of goodwill and customer favor, and the protection of the legitimate potential to expand to other markets. *See National Automobile Club v. National Auto Club, Inc.,* 365 F.Supp. 879, 882, 885 (S.D.N.Y.1973), *aff'd mem.* 502 F.2d 1162 (2d Cir. 1974).

▇▇▇ In the determination of the issue whether plaintiff's registered trademarks have been infringed under 15 U.S.C. § 1114(1),[5] we must analyze whether defendant's trade name constitutes a reproduction, counterfeit, copy or colorable imitation of the "MOTOR MASTER" trademark; whereby such use by the defendant, in connection with its warehouse distribution business, is likely to cause confusion, mistake or deception. Thus, the standard used in an action for trademark infringement and unfair competition under 15 U.S.C. § 1114(1) is the likelihood of confusion that would occur through the concurrent use of the trademark and its colorable imitation. Actual confusion is not required. *Telechron, Inc. v. Telicon Corp.,* 198 F.2d 903 (3d Cir. 1952); *Chips 'N Twigs, Inc. v. Chip-Chip, Ltd.,* 414 F.Supp. 1003, 1013 (E.D.Pa.1976). Factors to be considered in the determination of the likelihood of confusion in trademark infringement cases are found in the *Restatement of Torts 2d,* § 729:

(a) the degree of resemblance between the designation and the other's trade name, trademark or certification mark in

(i) appearance;

(ii) pronunciation of the words involved;

(iii) translation of the words involved;

(iv) verbal translations of the pictures or designs involved;

(v) suggestiveness, connotation or meaning of the actor's designation and the trade name, trademark or certification mark involved;

(b) the intent of the actor in adopting and using the designation;

(c) the similarity of circumstances and conditions surrounding the purchase of the goods or services involved;

(d) the degree of care likely to be exercised by purchasers of the goods or services involved.

No single factor may be taken as controlling, and all pertinent factors must be considered to determine the likelihood of confusion, mistake or deception. *See Alfred Dunhill of London, Inc. v. Kasser Distillers Products Corp.,* 350 F.Supp. 1341, 1363 (E.D. Pa.1972), *aff'd mem.* 480 F.2d 917 (3d Cir. 1973); *Kampgrounds of America, Inc. v. North Delaware A–OK Campground, Inc.,* 415 F.Supp. 1288, 1294 (D.Del.1976), *aff'd mem.* 556 F.2d 566 (3d Cir. 1977).

▇▇▇ The first factor to be considered in the determination of the likelihood of confusion is the degree of resemblance between plaintiff's trademark and defendant's trade name. In appearance, plaintiff uses its "MOTOR MASTER" trademark in bold, sweeping print and with a checkered racing flag[6] to give the illusion of movement and speed. Defendant's use of its trade name appears in conservative print and without pictures or designs to convey

5.  *See* n. 1, *supra.*

6.  Plaintiff's registered trademark appears below:

any additional impression.[7] The appearance of plaintiff's distinctive trademark, consistently used in the packaging and advertising of plaintiff's products, significantly differs from the appearance of defendant's trade name. In pronunciation, the first two words of defendant's trade name constitute the plural of plaintiff's "MOTOR MASTER" trademark. Pronunciation of the words involved, therefore, is almost identical. Further, plaintiff's distinctive trademark is more suggestive of a business in the automotive industry than defendant's trade name. The degree of resemblance between plaintiff's trademark and defendant's trade name, in light of their appearance, pronunciation and suggestiveness, is not as high as plaintiff contends.

The second factor to be considered in the determination of the likelihood of confusion is the intent of the actor in the adoption and use of the trademark. We cannot make any finding regarding defendant's intent in the adoption and use of plaintiff's trademark within defendant's corporate name and trade name because no evidence has been presented.

The third factor to be considered in the determination of the likelihood of confusion concerns the circumstances and conditions surrounding the purchase of the goods involved. Plaintiff, a nationwide [8] manufacturer of automotive parts and components, sells all of its products in packages which bear the "MOTOR MASTER" trademark. In the conduct of its business, plaintiff uses a substantial number of printed documents, forms and promotional materials upon which its trademark or trade name, or both, are affixed. Further, plaintiff promotes its products with advertisements in trade publications which prominently feature the "MOTOR MASTER" trademark. Defendant, a small wholesale distributor of automotive parts, does not sell any product which bears the "MOTOR MASTER" trademark. The appearance of defendant's trade name on its invoices, documents or advertisements is accompanied by reference to defendant's Philadelphia address.[9] Based on the above, we find that plaintiff has not submitted sufficient evidence regarding the circumstances and conditions concerning the purchase of the goods involved, such as would support a finding of the likelihood of confusion on this ground.

The fourth factor to be considered in the determination of the likelihood of confusion focuses upon the degree of care likely to be exercised by prospective purchasers of plaintiff's products. This factor is the most critical, because plaintiff argues that its manufacturing and supply business will be seriously damaged if its customers erroneously believed that plaintiff is engaged in business as a competitive, wholesale distributor of automotive parts. Plaintiff argues that defendant's use of the term "Motor Master" in its trade name and, consequently, in defendant's advertisements, newsletters, and feature articles in trade magazines suggests an association or connection between the parties which will confuse plaintiff's potential customers. However, plaintiff offers no evidence regarding the degree of care customarily exercised within the industry by purchasers of such automotive products as are sold by plaintiff and defendant.

Upon consideration of the above factors, we are unable at this time to find that defendant's use of the term "Motor Master" in its trade name and its business is likely to cause confusion. Because of these open

---

7. An example of defendant's trade name, used in connection with its business, appears below:

MOTOR MASTERS WAREHOUSE, INC.
4421 ARAMINGO AVE.          PHILA., PA. 19124

8. Kevin W. Zeller, plaintiff's executive vice-president, states in his affidavit that almost ten percent of plaintiff's sales occur in New Jersey and Pennsylvania. Zeller also states that two of plaintiff's customers, competitors with defendant, are located within a 75-mile radius of Philadelphia. However, it is not clear to what extent plaintiff's total sales in New Jersey and Pennsylvania transpired within defendant's geographical range of business. The extent of concurrent business activity is an important aspect of the circumstances surrounding the purchase of plaintiff's products.

9. See n. 7, supra.

factual issues, we are satisfied that plaintiff has not, and on the record cannot, demonstrate in its moving affidavits and supporting exhibits the absence of any genuine issue of material fact, which it must do if we are to be allowed to enter summary judgment in its favor for trademark infringement and unfair competition.

Plaintiff argues that defendant has failed to meet its burden under Fed.R.Civ.P. 56(e) of showing the existence of any genuine factual dispute. This argument is based upon the fact that defendant filed only a five-page, unsworn legal memorandum in opposition to plaintiff's motion. Plaintiff's argument fails because the burden does not shift to a party opposing summary judgment until the movant has conclusively demonstrated, as plaintiff has not, the absence of any genuine issue of material fact.

Because we find that the above material issues must be preserved for the finder of fact at trial, *Briach v. Pennsylvania Railroad Co.*, 462 F.2d 266, 268 (3d Cir. 1972), we will, accordingly, deny plaintiff's motion for summary judgment.

An appropriate Order will be entered.