John ROPER and Tommie Lou Roper, his wife, Plaintiffs,

v.

Royce F. STAFFORD, Defendant.

Superior Court of Delaware, Kent County.

Submitted Dec. 30, 1981.

Decided March 11, 1982.

Harold Schmittinger, Douglas W. Lundblad, Schmittinger & Rodriguez, P. A., Dover, for plaintiffs.

Gary F. Dalton, John Williams, Prickett, Jones, Elliott, Kristol & Schnee, Dover, for defendant.

BUSH, Judge.

This is a decision on defendant's motion for summary judgment.

Plaintiff, Tommie Lou Roper, was a passenger in a motorboat owned and piloted by defendant, Royce Stafford. Stafford had taken plaintiff for a ride across Rehoboth Bay. The boat crossed the wake of another motorboat and Mrs. Roper was thrown, or

slid, from her seat in the bow to the deck, injuring her back.

The central issue is whether state or federal law applies to the facts of this case. This issue is crucial because state and federal law require the operator of a boat to observe different standards of care.

Stafford argues that the Delaware Guest Statute, 21 *Del.C.* § 6101(a), applies. That statute would preclude recovery by Roper unless she proves intentional, wilful or wanton conduct by Stafford.

Roper contends that federal maritime and admiralty law applies and that the standard of care is ordinary negligence. If federal law does apply, it preempts the substantive law of the state. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628, 79 S.Ct. 406, 408, 3 L.Ed.2d 550 (1959).

■ Jurisdiction in admiralty cases is controlled by 28 U.S.C. § 1333, which states in pertinent part:

The District courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

The "saving to suitors" clause permits a suitor with an in personam claim in admiralty to seek his remedy in the state courts. *Smith v. Allstate Yacht Rentals, Ltd.*, Del. Super., 293 A.2d 805, 807 (1972). The state courts must apply federal substantive law to assure uniformity in maritime decisions. *Kermarec v. Compagnie Generale Transatlantique, supra; Pope & Talbot v. Hawn*, 346 U.S. 406, 410, 74 S.Ct. 202, 205, 98 L.Ed. 143 (1953).

A more complex question is whether under federal maritime law the federal courts would take jurisdiction of this particular case. The traditional yardstick used by the federal courts was the "locality" test. If the situs of the tort was the high seas or a navigable waterway, jurisdiction existed. *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 205, 92 S.Ct. 418, 421, 30 L.Ed.2d 383 (1971).

The United States Supreme Court in *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), which involved an airplane crashing into a navigable waterway, stated in dictum:

In sum, there has existed over the years a judicial, legislative, and scholarly recognition that, in determining whether there is admiralty jurisdiction over a particular tort or class of torts, reliance on the relationship of the wrong to traditional maritime activity is often more sensible and more consonant with the purposes of maritime law than is a purely mechanical application of the locality test. (at 261, 93 S.Ct. at 501)

The majority of federal Courts of Appeal have read the *Executive Jet* decision as an abrogation of the locality test in all maritime tort claims, and have adopted the "locality plus" test by which both situs and significant relationship to maritime activity are considered. *Sohyde Drilling & Marine Co. v. Coastal States Gas Producing Co.*, 5th Cir., 644 F.2d 1132, 1135 (1981), cert. denied sub nom. *Valero Energy Corp. v. Sohyde Drilling & Marine Co.*, —— U.S. ——, 102 S.Ct. 635, 70 L.Ed.2d 615 (1981).

The Third Circuit has been reluctant to adopt the locality plus test. In *Edynak v. Atlantic Shipping, Inc.*, 3rd Cir., 562 F.2d 215 (1977), cert. denied, 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978), the court indicated that it believed the locality test had not been explicitly abandoned by the Supreme Court, but it adopted provisionally the locality plus test because the outcome in *Edynak* would be the same under either test. The District Court for the District of Delaware followed suit, applying the locality plus test only to show that the outcome in the case before it would also be the same. *Otto v. Alper*, D.Del., 489 F.Supp. 953, 955 (1980).

The court in *Edynak* endorsed the Fifth Circuit's articulation of the factors to be considered under the locality plus test. The Fifth Circuit identified four factors relevant to the existence of a "significant relationship to maritime activity." 1) the func-

tions and roles of the parties; 2) the types of vehicles and instrumentalities involved; 3) causation and type of injury; and 4) traditional concepts of the role of admiralty law. See *Kelly v. Smith,* 5th Cir., 485 F.2d 520, 525 (1973), cert. denied, 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974).

The first three factors present no difficulty in this case because maritime activity was certainly involved: 1) the parties were the passenger and pilot on a boat; 2) the accident occurred entirely in a boat without involvement of land vehicles or instrumentalities; 3) the injury was allegedly caused by the pilot's negligent operation of the vessel. Cf. *Otto v. Alper, supra* at 955.

The fourth factor, traditional concepts of the role of admiralty law, has been the subject of much dispute among the federal courts where, as in this case, the vessel involved is a pleasure boat with no connection to commercial maritime activity. The United States Supreme Court only recently granted review of this question. *Richardson v. Foremost Insurance Co.,* 5th Cir., 641 F.2d 314 (1981), cert. granted, —— U.S. ——, 102 S.Ct. 88, 70 L.Ed.2d 81 (1981).

However, as noted in *Otto v. Alper, supra* at 955, in the main, the courts that have considered the question after *Executive Jet* have found pleasure boating accidents to be within the admiralty jurisdiction.

■ Traditional concepts of the role of admiralty law are not violated by this Court taking jurisdiction over this claim. Federal maritime jurisdiction lies under the locality plus test.

There is little question that federal maritime jurisdiction also exists under the locality test. The District Court specifically ruled in *Otto v. Alper, supra* at 955 that the Rehoboth Bay is a navigable waterway.

The requirements of both the locality and the locality plus tests having been satisfied, federal maritime law will apply in this case. Stafford's conduct is therefore to be judged by the standard set forth in the Federal Boat Safety Act of 1971, 46 U.S.C. § 1461(d);

No person may use a vessel ... in a negligent manner so as to endanger the life, limb, or property of any person...

■ Under Rule 56(c) of both Delaware and Federal Rules of Civil Procedure, summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Questions of negligence are rarely decided by motion for summary judgment. *Barron v. Honeywell, Inc., Micro Switch Div.,* E.D. Pa., 69 F.R.D. 390 (1975); *Caine v. New Castle County,* Del.Supr., 379 A.2d 1112, 1116 (1977). This case is no exception. There are genuine issues of material fact involving questions of foreseeability, causation, and breach of the duty to operate the boat safely.

Therefore, summary judgment as to the issue of Stafford's negligence is denied.