TANDY *v.* KNOX.

1. VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—CONSTRUCTION OF LAND CONTRACT.

In purchaser's suit for specific performance of a land contract wherein property located at corner of two streets was described by street numbers, the plaintiff may not complain that the court construed the agreement as it was written.

2. SAME—DESCRIPTION OF BRICK STORE BUILDING BY STREET NUM-·BERS—CONSTRUCTION OF LAND CONTRACT.

Description of property conveyed in land contract for sale of property on which stood a brick store building at corner of two streets by reference to street numbers of the building indicated that the parties had in mind the land on which the building stood and such contiguous property owned by vendor as was used in connection with the business conducted in the store and hence appurtenant thereto.

Specific performance, unenforceability because of uncertain terms, see 2 Restatement, Contracts, § 370.

3. FRAUDS, STATUTE OF—DESCRIPTION OF REAL ESTATE BY STREET NUMBERS.

A description of property in a land contract by street number only is sufficient to satisfy the statute of frauds if such property can be identified (3 Comp. Laws 1929, § 13413).

4. VENDOR AND PURCHASER—DESCRIPTION OF BRICK BUILDING BY STREET NUMBERS—INCLUSION OF APPURTENANT PROPERTY.

Where contract for sale of property on which stood a brick store building was described by street numbers of the building and two wooden sheds were used in connection with the brick building by access over a 10-foot strip of land at end of all the structures, contract is construed to include all three structures and the 10-foot strip of land in suit for specific performance.

5. SPECIFIC PERFORMANCE—LAND CONTRACT—ABATEMENT OF PURCHASE PRICE FOR INCHOATE DOWER INTEREST OF VENDOR'S WIFE.

Purchaser who elected to accept specific performance in lieu of accounting under land contract in which wife did not join husband was entitled to an abatement of the purchase price equal to the present value of the inchoate dower interest.

6. EVIDENCE—JUDICIAL NOTICE—MORTALITY TABLES—STATUTES.

The court may take judicial notice of the mortality tables as embodied in the statutes (3 Comp. Laws 1929, § 12398, as amended by Act No. 81, Pub. Acts 1943).

7. SPECIFIC PERFORMANCE—LAND CONTRACT—INCHOATE DOWER INTEREST—MORTALITY TABLES—ABATEMENT OF PURCHASE PRICE.

In abating purchase price in land contract in which vendor's wife did not join, the present value of her inchoate dower interest is determined by taking vendor's age as given and unobjected to estimate of wife's age as made by trial judge from his observation of her in the court room where she declined to inform court of her age, finding probable expectancies from statutory mortality tables and applying statutory rate of 5 per cent. interest to present value of property (Comp. Laws 1929, § 9239; § 12398, as amended by Act No. 81, Pub. Acts 1943).

8. COSTS—REDUCTION OF ABATEMENT OF PURCHASE PRICE ON APPEAL.

No costs are allowed upon affirmance of decree granting specific performance of land contract but reducing abatement of purchase price from $1,000 to $270 where defendant vendor's wife had not signed agreement to sell.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 9, 1945. (Docket No. 22, Calendar No. 43,131.) Decided December 3, 1945.

Bill by Joseph F. Tandy against Jacob M. Knox and wife for specific performance of contract for sale of real property. Decree for plaintiff. Defendants appeal. Plaintiff cross-appeals. Modified and affirmed.

*Loomis, Jones, Piper & Colden* (*George Stone,* of counsel), for plaintiff.

*Hull, Brown & Fischer,* for defendants.

CARR, J. In March, 1943, the defendant Jacob M. Knox acquired by purchase a parcel of land described as the "East one half of lot 1, C. B. Edwards subdivision of out lot 190, L. Beaubien farm, Detroit, Wayne county, Michigan." Said parcel is situated at the intersection of East Forest avenue and Beaubien street in Detroit, having a frontage of 120 feet on East Forest and approximately 80 feet on Beaubien. At the time defendant acquired the property there was a brick store building on the east end of the parcel extending along Beaubien for about 70 feet and with a frontage on East Forest of approximately 23 feet. The building was somewhat irregular in shape, the south end being approximately three feet wider than the front of the store. On the west side of the store and constructed against it were two sheds, connected by a door but not opening directly into the store. At the front of the store building on East Forest appears the street number 456, and on the Beaubien street side the street number is 4659.

Shortly after purchasing the property referred to, plaintiff and defendant Jacob M. Knox entered into a written agreement as follows:

"OFFER TO PURCHASE AND ACCEPTANCE

"I, Joseph F. Tandy, hereby offer to purchase from Dr. Jacob M. Knox, M. D., the following described property situated in the city of Detroit,

county of Wayne and State of Michigan, known as 4659 Beaubien street and 456 East Forest, to pay therefor the sum of $6,000 on the following terms and conditions:

"$100 upon the signing of this agreement, to apply on the purchase price, which sum is hereby tendered, the same to be returned should this offer be refused by the seller, or prior sale, of said property; or should the title be found to be unmarketable; the balance to be paid as follows:

"$1,400 upon the execution of standard form land contract, the balance, to-wit, $4,500 to be paid at the rate of $45 per month, beginning 30 days after the execution of said land contract, said payments to include 6 per cent interest; taxes, rents, insurance to be adjusted to date of execution of land contract.

"I hereby further agree to accept the title subject to any existing use and building restrictions affecting said property and to accept the property 'as is' including present tenants and occupants, now in possession and to consummate the said deal within 10 days after delivery to me or my agent or representative, of an abstract showing marketable title in the seller; and that after the said date if deal is not closed as herein mentioned, that the said deposit of $100 shall be retained by the seller as liquidated damages.

"It is understood and agreed that no promises or representations other than those contained herein shall be binding upon the seller or upon the purchaser.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"In presence of

. . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . .

ACCEPTANCE

"To the above named purchaser:

"Your offer as stated above is accepted and receipt of the above mentioned deposit money on account

of the purchase price acknowledged and the under-
signed agree   *   *   *   to sell said lands on the
terms stated.

> . . . . . . . . . . . . . . . . . . . . . . . . . . .
> . . . . . . . . . . . . . . . . . . . . . . . . . .

"In presence of

. . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . ."

It is conceded that both parties signed this agree-
ment.   Thereafter plaintiff, as purchaser, and de-
fendant Jacob M. Knox, as former owner, joined in
a written notice to the then tenant of the store build-
ing to vacate the property on or before a specified
day.   The notice having been complied with, plain-
tiff took possession of the building and has since
continued to occupy it.   Pursuant to the agreement,
he has made payments to defendant from time to
time in the total amount of $3,750, and has also paid
certain taxes on the property.

It will be noted that the agreement between the
parties, above set forth, contemplated the execution
of a land contract.   This was not done, however, the
parties disagreeing as to the amount of land to be
conveyed.   Thereupon plaintiff instituted suit for
specific performance, incorporating in the bill of
complaint the written contract entered into between
himself and the defendant Jacob M. Knox, alleging
that under the agreement as made he was entitled to
a land contract providing for the conveyance of the
east 40 feet of the parcel owned by defendant.   Al-
though she had not signed the agreement, Mrs.
Knox was joined as a party defendant.   Her answer
denies that plaintiff is entitled to any relief as
against her.   There is no dispute as to the correct-
ness of her claim.   The position of Jacob M. Knox
is summarized in paragraphs 9 and 10 of his answer
as follows:

"For further answer, this defendant avers that he entered into an agreement with the plaintiff, copy of which is attached to the bill of complaint, which agreement relates to the sale of property described as 4659 Beaubien street and 456 East Forest avenue; that he never entered into any other agreement with the plaintiff for the sale of real estate; that the property described above is a store building having a frontage of about 25 feet on East Forest avenue; that the plaintiff afterwards requested this defendant to donate to him, along with the said store building, an additional strip of frontage on East Forest avenue, which donation this defendant refused to make and has insisted either that the agreement be rescinded and the parties restored to status quo (which this defendant is ready to do) or that the contract be performed according to its terms.

"For further answer this defendant avers that the plaintiff's claim to the land described in the bill of complaint and to all land other and additional to the land mentioned in the agreement, copy of which is attached to the bill, is not based upon any note or memorandum in writing signed by this defendant or by anyone on his behalf by him thereunto lawfully authorized in writing."

Consistently with the position taken by defendant in his answer, his counsel states in his brief:

"All that the seller ever intended to sell to the purchaser was the brick store building. That is what he thought was covered by the street number description which the purchaser placed in the offer to purchase."

After listening to the proofs of the parties the trial court came to the conclusion that the contract should be construed as providing for the conveyance of the land occupied by the store and by the sheds above referred to, and the 10-foot strip lying south of the store building, used in connection with the

store and the sheds.  The opinion filed gave to plaintiff the election to take a decree for specific performance in accordance with the trial court's interpretation of the contract or to have an accounting. Because of the failure of Mrs. Knox to sign the contract it was held that the decree for specific performance, if taken, should make provision for a land contract in such form as to require the conveyance of a marketable title, except as to the dower interest. The court also found that the present value of the inchoate dower interest of the wife was the sum of $1,000, and provided for the abatement of the purchase price in that amount.  Plaintiff elected to accept specific performance in accordance with the trial court's opinion and decree was entered accordingly.  From such decree both parties appeal.

On behalf of plaintiff it is insisted that he is entitled to a land contract for the conveyance of a rectangular parcel at the intersection of the two streets in question, with a frontage of 40 feet on East Forest and 80 feet on Beaubien.  The conclusion cannot be avoided, however, that the contract as drawn does not describe any such parcel.  Rather the reference is to the building which the record discloses plaintiff wished to acquire for the purpose of carrying on his business therein.  It was this building of which plaintiff was put in possession by defendant and which he has since continued to occupy. The part performance of the contract, to which counsel for plaintiff calls attention and on which he, apparently, in part relies, had reference solely to the property that the trial court decreed should be covered by the land contract to be executed by defendant.  The plaintiff is not in position to complain that the court construed the agreement as it was written.

The answer of defendant Jacob M. Knox to the bill of complaint admits the making of the agreement

into which the parties entered, and indicates, also, a willingness to perform said contract according to its terms. A fair interpretation of paragraphs 9 and 10 of said answer, above quoted, suggests that it was not defendant's purpose by his pleading to raise any question as to the validity of the agreement, or its sufficiency, insofar as the land covered by the building or used as appurtenant thereto was concerned. However, it is now argued in his behalf that the contract is not sufficiently specific to satisfy the statute of frauds.* Such claim is predicated on the alleged failure to fix with requisite definiteness the boundary line between the parcel to be conveyed to plaintiff and the property retained by defendant. A somewhat analogous situation was involved in *Meredith* v. *McCormick*, 208 Mich. 563 (8 A. L. R. 669), which involved a lease of a rooming house in the city of Detroit. Said lease referred to the property by house number only. Defendant was the owner of a parcel of land on which several houses had been constructed, the property leased to plaintiff being one of said houses. It was held that a reference to the property by street number was sufficient and that the lease " 'includes so much of the lot upon which the building is situated, as is necessary to the complete enjoyment of the building for the purpose for which it was let, and nothing more.' " In the case at bar the parties in their agreement referred to the property to be included in the land contract by street numbers, thereby indicating that they had in mind the land on which the store building stood and contiguous property used in connection with the business conducted in the store and hence appurtenant thereto.

---

* See 3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908).—RE-PORTER.

It has been repeatedly held by this court that a description of property in an agreement of the nature here involved, by street number only, is sufficient if such property can be identified. *Kuschinsky* v. *Flanigan,* 170 Mich. 245 (41 L. R. A. [N. S.] 430, Ann. Cas. 1914 A, 1228) ; *Baller* v. *Spivack,* 213 Mich. 436; *Barton* v. *Molin,* 219 Mich. 347. If there was any uncertainty or ambiguity in the written instrument executed by the parties, performance thereof in the manner above indicated can leave no question as to what the parties intended. With reference to the proposition that resort may be had to such practical construction if there is actual uncertainty or ambiguity in the description, see 26 C. J. S. p. 360, and cases there cited.

Defendant claims further that the trial court was in error in decreeing that the contract to be executed should provide not only for the conveyance of the land on which the store building stood but also that on which the sheds, before referred to, were constructed, and the strip of land approximately 10 feet in width at the rear of the store. It is evident from the manner of construction of these sheds and from their location against the outer wall of the store that they were built for use in connection with the store building. The record indicates that they were so used. The fact that there is no door opening from the store directly into the sheds is not of controlling significance because access over the 10-foot strip is feasible. The trial court's conclusion that the sheds and the 10-foot strip were used together, for purposes incidental to the carrying on of the business in the store, is clearly supported by the record. *Meredith* v. *McCormick, supra.* In consequence, it must be assumed that the parties in making their agreement had in mind that this appurtenant property

should be included with the actual site of the store. The manner of performance under the contract further evidences such intent. Plaintiff is entitled to specific performance of the agreement by the execution of a proper land contract requiring the conveyance of the store site and the property appurtenant thereto and used in connection with the store.

Because of the refusal of Mrs. Knox to join with her husband in the execution of a land contract, such contract must be made subject to her inchoate right of dower. Recognizing the situation in this regard, the trial court held that plaintiff, if he elected to accept specific performance in lieu of an accounting, was entitled to an abatement of the purchase price in an amount equal to the present value of the inchoate dower interest, such value being fixed at the sum of $1,000. Such holding is in accord with the decision in *Walker* v. *Kelly,* 91 Mich. 212, cited with approval in *Solomon* v. *Shewitz,* 185 Mich. 620 (3 A. L. R. 557), and *Jefferson Land Co.* v. *Kannowski,* 233 Mich. 210. The power of the court to decree an abatement of the purchase price because of the outstanding dower interest is not questioned but defendant insists that there is no basis in the record for a finding that the present value of the interest here involved is the sum of $1,000. On the record as made there is, in fact, no basis upon which to predicate a determination as to the amount in which the contract price should be abated other than by reference to the mortality tables, and the acceptance of the legal rate of interest as prescribed by statute. The testimony discloses that defendant Jacob M. Knox was 44 years of age at the time of the hearing. Mrs. Knox was in court but declined to inform the court as to her age. Based on his observation of Mrs. Knox, the trial court came to the conclusion, as indicated in

his opinion, that she was at that time 35 years of age. Inasmuch as neither party questions the correctness of this conclusion it is accepted as accurate. The court may take judicial notice of the mortality tables as embodied in the statutes.* *Denman* v. *Johnston,* 85 Mich. 387. Referring to the propriety of using such tables in a case of this character, it was said in *Brown* v. *Bronson,* 35 Mich. 415, 421:

"We see no force in the objection to allowing the complainant's probabilities of life to be calculated on the ordinary tables. There is no evidence to show her precise condition of health or how much it might affect her chances. The life tables are made up by averaging lives by the actual mortality of strong and sickly alike. No one ever supposed that in a particular case there is any assurance of their correctness. Like many other contrivances, these tables are accepted as a convenient means of settling averages, simply because there is no possible test for individual cases. The lives on which they are calculated are not confined to those of known histories or surroundings. They include children and adults, in town and in country, dying of all conceivable causes, from the natural wear of a healthy and prolonged life to disease and accidents, or death from crime or suicide, or at the hands of justice. Any attempt to refine upon these averages by guessing at the probabilities of a given life would be too fanciful and conjectural to deserve attention in determining legal rights. Such attempts have not been made very often, and we are not impressed with their wisdom."

Neither party questions that the purchase price, as fixed by the agreement, is commensurate with the present value of the property.

---

* See 3 Comp. Laws 1929, § 12398, as amended by Act No. 81, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 12398, Stat. Ann. 1945 Cum. Supp. § 24.220 [1]).—REPORTER.

Resorting to the tables to find the probable expectancies of life of defendant Jacob M. Knox and Mrs. Knox and using the statutory rate of 5 per cent.,* it is found that the present value of the inchoate dower interest, subject to which the land contract, as decreed by the circuit court, must be executed, is approximately $270. It follows that the purchase price, if defendant conveys subject to the dower interest, should be abated in that sum rather than in the amount of $1,000, as decreed by the trial court.

The decree is modified accordingly, and a decree will enter in this court in accordance with the foregoing opinion. In view of the disposition of the matters in controversy, no costs are allowed.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.