GELLENBECK v SEARS, ROEBUCK & COMPANY

1. PLEADING—COURT RULES—ISSUES—CONSENT OF PARTIES—EXPRESS CONSENT—IMPLIED CONSENT.

Issues not raised by the pleadings but tried by express or implied consent of the parties shall be treated in all respects as if they had been raised in the pleadings (GCR 1963, 118.3).

2. PRODUCTS LIABILITY—PLEADING—TRIAL—ISSUES—CHAINS—SWING SETS—WARRANTY OF MERCHANTABILITY—CONSENT OF PARTIES—INSTRUCTIONS TO JURY—EVIDENCE—"STRAIN-AGING"—MANUFACTURERS.

The issue of a warranty of merchantability of a chain which was part of a swing set and which broke while a plaintiff child was being twirled on the swing by some other children was tried by consent of the parties and the court did not err in instructing the jury on the issue where the issue was not raised by the pleadings but evidence regarding the ability of a number of chains to withstand twisting was admitted, some testimony indicated that "strain aging" was a defect to be guarded against by the manufacturer, and the manufacturer defendant argued during trial that its chains met the standards of the industry.

3. PRODUCTS LIABILITY—USE OF PRODUCT—FORESEEABILITY—MANUFACTURERS.

A requirement under all the theories of products liability is that the use to which the product is put be reasonably foreseeable to the manufacturer.

4. PRODUCTS LIABILITY—TRIAL—INSTRUCTIONS TO JURY—ISSUES—MANUFACTURERS—FORESEEABILITY—USE OF PRODUCT.

It is proper as a general rule to instruct the jury in a products liability case on the issue of foreseeability to the manufacturer of the use to which the product may be put.

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Pleading §§ 359–363.
[2] 63 Am Jur 2d, Products Liability §§ 3, 111.
[3, 4] 63 Am Jur 2d, Products Liability §§ 15, 16, 31.

Appeal from Wayne, James Montante, J. Submitted Division 1 November 14, 1974, at Detroit. (Docket No. 18567.) Decided March 10, 1975.

Complaint by Alfred Gellenbeck, individually and as next friend of Janis Gellenbeck, a minor, against Sears, Roebuck & Company, Remco American, Remco Industries, Inc., and Woodstream Corporation for damages for injuries sustained when a chain on a swing set broke. Judgment for plaintiff by stipulation of the parties and for third-party plaintiffs Sears, Roebuck & Company, Remco American, and Remco Industries, Inc., on their complaint against Woodstream Corporation for indemnification. Third-party defendant Woodstream Corporation appeals. Affirmed.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *John D. Dougherty* and *John P. Jacobs),* for third-party plaintiffs.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch,* for third-party defendant.

Before: BASHARA, P. J., and DANHOF and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Sears, Roebuck & Company sold a swing set. Janis Gellenbeck was injured when a chain broke while she was being twirled on the swing by some other children. Janis, by her next friend, brought an action against Sears. Sears filed a third party complaint against Remco, its supplier. Remco then brought in Woodstream, its supplier and the manufacturer of the chain. By stipulation of the parties a judg-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ment in the amount of $25,000 was entered against Sears and Remco and the case proceeded to trial on their claim against Woodstream.

It appears that the chain in question possessed a defect called "strain aging" which is caused by an imbalance of nitrogen in the metal. The testimony indicated that this type of chain has a strong load carrying ability but a low resistance to twisting. It appears that this low resistance to twisting could be the cause of the accident.

The complaint against Woodstream was based on a violation of an implied warranty of fitness for a particular purpose, arising under the Uniform Commercial Code. MCLA 440.2315; MSA 19.2315. However, after the conclusion of proofs the trial court indicated that the evidence showed that a question of an implied warranty of merchantability, MCLA 440.2314; MSA 19.2314, was also presented. The court then instructed on both theories. The jury found for Sears and Remco. Woodstream has appealed.

Woodstream's first argument is that the trial court erred in denying its motions for a directed verdict and for a judgment notwithstanding the verdict on the ground that there was not sufficient evidence to support a finding that there was an implied warranty of fitness for a particular purpose. Woodstream concedes that there was sufficient evidence to support a finding that it knew that the chains would be used in swing sets but argues that it had no reason to know that the purchaser was relying on it to use its skill or judgment in selecting proper chains.

The record shows that Woodstream was Remco's exclusive supplier of chains and that it sold them other types of swing equipment. It also appears that the reason Remco ordered the type of chain it

did was because of an independent laboratory report furnished by Woodstream which indicated that the chain was proper. On this record one could conclude that the chain was purchased because of Woodstream's assurances that it was suitable for use in swings. We find no error.

Woodstream's second argument is that the trial court erred in submitting the question of an implied warranty of merchantability to the jury. Woodstream argues that the pleadings presented only the issue of a warranty of fitness for a particular purpose and that it was error to instruct the jury on the warranty of merchantability. GCR 1963, 118.3 provides in part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

In this case evidence regarding the ability of a number of chains to withstand twisting was admitted and some testimony indicated that "strain aging" was a defect to be guarded against. Woodstream itself argued that its chains met the standards of the industry. Under the totality of the facts we believe that the issue was tried and therefore the trial court did not err in its instructing on the warranty of merchantability. Of course, there should have been a motion to amend the pleadings but in this case we find no reversible error.

As its third contention Woodstream vigorously argues that the trial court erred in including the element of foreseeability in its instructions on the warranty of merchantability. The disputed instruction reads as follows:

"[T]hat if it is reasonably foreseeable for a manufacturer to know that in the use of that chain in commerce it is to be used not only for weight-bearing ability but also that, in that process, it may be twisted, then the manufacturer of the steel should have provided for that, in order to have a safe product on the market for the ultimate consumer. The question of whether or not it was foreseeable in this case is a matter for jury consideration."

While we have some difficulty in perceiving how the instruction could be anything but favorable to a defendant, we will nonetheless consider the propriety of the instruction. The instruction is consistent with Standard Jury Instructions 25.21, 25.22 and 25.23 and is a proper statement of the law. Under all of the theories of products liability it has been a requirement that the use to which the product is put be reasonably foreseeable to the manufacturer. See *Fisher v Johnson Milk Co,* 383 Mich 158; 174 NW2d 752 (1970), *Jennings v Tamaker Corp,* 42 Mich App 310; 201 NW2d 654 (1972), *Crowther v Ross Chemical and Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972), Prosser, Torts (4th ed) § 102, p 667–671, Dale & Hilton, *Use of the Product—When it is Abnormal,* 4 Willamette L Rev 350 (1967), 63 Am Jur 2d, Products Liability, §§ 101, 136, pp 107–8, 143–145. See also White & Summers, Handbook of the Law under the Uniform Commercial Code, § 11-7.

A finding that the use to which a product is put was not reasonably foreseeable would tend to lead to one of two conclusions. Either the product was not defective or the defect did not cause the injury. In either case there would be no liability. Therefore, at least as a general rule it is proper to instruct the jury on foreseeability.

Woodstream's final contention is that the trial

court erred in awarding Sears and Remco $1,000 in attorney fees because of the expense that was incurred in defending the original action by the injured consumer. Woodstream argues that no evidence was submitted that would show that the amount was reasonable. In the trial court a hearing was held on this question and the court indicated that it believed that an award of $1,000 was reasonable when the total attorney fees were some $5,000. Woodstream did not raise any objection at that time and we do not believe that they can do so now.

Affirmed. Costs to the third-party plaintiff.