BERG-POWELL STEEL COMPANY v THE HARTMAN GROUP

Docket No. 78-582. Submitted February 14, 1979, at Detroit.—Decided
    April 2, 1979.

   Berg-Powell Steel Company filed a complaint against the Hart-
    man Group, as the broker for Herman Rasch, for the return of
    a $5,000 deposit paid to Hartman in conjunction with an offer
    to purchase certain real estate. The purchase agreement was to
    be void if certain permits could not be obtained by plaintiff.
    The permits could not be obtained to plaintiff's satisfaction, and
    Hartman was notified but did not return the deposit. Hartman
    counterclaimed for interpleader asserting that Rasch, as ven-
    dor, claimed the contract was binding and that he had a right
    to the deposit. Rasch was made a party to the action and
    counterclaimed for specific performance. Plaintiff moved for
    summary judgment, claiming that it was entitled to withdraw
    its offer because Rasch's wife had not signed the purchase
    agreement which made the agreement unenforceable under the
    statute of frauds. Motion for summary judgment granted, Oak-
    land Circuit Court, Frederick C. Ziem, J., on the ground that
    the agreement was unenforceable due to the absence of the
    wife's signature. Defendant Rasch appeals claiming that the
    trial judge erred in considering plaintiff's arguments in support
    of the motion for summary judgment because they were not
    raised in plaintiff's pleadings. *Held:*

      1. Technically defendant is correct. A court rule provides that
    arguments in support of a motion for summary judgment
    should be raised in a petitioner's pleadings or by timely amend-
    ment; however, the liberal policy in favor of permitting the
    amendment of pleadings does not call for a reversal for court
    rule violation where, although the arguments were not raised
    in the pleadings and no motion to amend was proffered, plain-
    tiff would have been permitted to amend his pleadings had a

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 29.
[2] 73 Am Jur 2d, Summary Judgment §§ 12-15, 29.
[3] 72 Am Jur 2d, Statute of Frauds § 366.
[4] 67 Am Jur 2d, Sales § 76.
   41 Am Jur 2d, Husband and Wife § 187.

motion been filed, defendant had notice of the issues raised, had fully briefed them and was not prejudiced thereby.

2. A seller's wife, with an interest in real estate to be sold, must sign a purchase agreement to signify her acceptance between the parties and no valid contract can be created without her signature. A contract for the sale of land where the required signatures are absent is in violation of the statute of frauds and is void and unenforceable.

Affirmed.

1. JUDGMENT — SUMMARY JUDGMENT — PLEADING — AMENDMENT — PREJUDICE — COURT RULES.

A court rule provides that each party shall be given opportunity to amend his pleadings in conjunction with a motion for summary judgment unless the evidence then before the court shows amendment would not be justified (GCR 1963, 117.3).

2. JUDGMENT — SUMMARY JUDGMENT — PLEADING — AMENDMENT — MOTIONS — NOTICE OF ISSUES — PREJUDICE — COURT RULES.

A court rule provides that arguments in support of a motion for summary judgment should be raised in a petitioner's pleadings or by timely motion for amendment; however, the liberal policy in favor of permitting the amendment of pleadings does not call for a reversal for court rule violation where, although the arguments were not raised in the pleadings and no motion to amend was proffered, petitioner would have been permitted to amend his pleadings had a motion been filed, defendant had notice of the issues raised, had fully briefed them and was not prejudiced thereby (GCR 1963, 117.3).

3. FRAUDS, STATUTE OF — CONTRACTS — LAND SALES — REQUIRED SIGNATURES — STATUTES.

The statute of frauds requires that every contract for the sale of land must be signed by the party by whom the sale is to be made and each holder of an undivided one-half interest in property to be sold must sign; a contract for the sale of land where the required signatures are absent is in violation of the statute of frauds and is void (MCL 566.108; MSA 26.908).

4. FRAUDS, STATUTE OF — CONTRACTS — OFFER AND ACCEPTANCE — LAND SALES — DEPOSITS — REQUIRED SIGNATURES — WIFE'S INTEREST — DOWER — STATUTES.

An offer to purchase land may be withdrawn prior to acceptance by requesting a refund of deposit where the wife of the seller, with a dower interest, fails to sign the agreement; a seller's wife, with an interest in the land to be sold, should sign a

contract for the sale of land to signify her acceptance of the agreement and unless she signs there is no acceptance between the parties and no valid contract can be created (MCL 558.1, 566.108; MSA 26.221, 26.908).

*Stark & Reagan, P.C.* (by *Michael H. Whiting*), for plaintiff.

*Frimet, Goren & Bellamy, P.C.* (by *Alan G. Gilchrist*), for defendant.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR. and D. C. RILEY, JJ.

PER CURIAM. Defendant Herman Rasch (hereinafter referred to as defendant) appeals as of right from a summary judgment entered against him in a case involving the return of a $5,000 deposit, paid by plaintiff to defendant's broker pursuant to an offer to purchase real estate.

In a complaint filed September 22, 1976, plaintiff filed an action against defendant Hartman Group, who, allegedly as broker for defendant, was paid $5,000 in conjunction with an offer to purchase certain real estate. This offer was contained in a purchase agreement which was signed by defendant and an agent of plaintiff's. It was conditioned upon plaintiff obtaining certain permits and provided that the agreement would be void and the deposit money returned if the permits could not be obtained to its satisfaction. The complaint further alleged that plaintiff could not obtain the permits, but, upon notifying the Hartman Group, was unable to obtain the return of its deposit.

The Hartman Group answered and counterclaimed for interpleader, asserting that defendant, as vendor of the subject property, claimed a right to the deposit. Defendant was subsequently made a party to the action. He claimed that he had a

binding agreement with plaintiff for the purchase of the property. He contended that plaintiff's failure to obtain an occupancy permit constituted a breach of the contract and counterclaimed for specific performance of the contract.

In a motion dated October 4, 1977, plaintiff moved for summary judgment under GCR 1963, 117.2(3), claiming it was entitled to judgment as a matter of law. In support of this motion plaintiff noted defendant's deposition testimony admitting that he was married at the time of the alleged acceptance of the purchase agreement and that his wife had not signed the agreement. Plaintiff argued that it was entitled to withdraw its offer, as the contract, prior to her acceptance, was unenforceable under the statute of frauds, MCL 566.108; MSA 26.908. In addition, plaintiff noted that the purchase agreement contained the phrase "if seller is married, wife must sign" directly below the line indicated for the seller's acceptance. In an order dated January 25, 1978, the trial judge ruled that the agreement was unenforceable due to the absence of defendant's wife's signature and granted plaintiff's motion for summary judgment.

Defendant initially contends that the trial court erred in considering plaintiff's arguments in support of the motion for summary judgment because they were not raised in plaintiff's pleadings. Technically defendant is correct. Initially plaintiff was proceeding on the theory that the contract was unenforceable due to the nonoccurrence of the condition precedent regarding the permits. After learning that defendant was married, it failed to amend its complaint to raise the arguments contained in support of the summary judgment motion. Nor were these arguments raised in the answer to defendant's counterclaim and, under GCR 1963, 111.3, were waived.

However, GCR 1963, 117.3 provides that, in conjunction with a motion for summary judgment:

"Each party shall be given opportunity to amend his pleadings as provided by Rule 118 unless the evidence then before the court shows amendment would not be justified."

In light of the early stage of the proceedings, plaintiff's recent discovery of defendant's marital status and the liberal policy in favor of permitting the amendment of pleadings, *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973), plaintiff would have been permitted to amend its pleadings had it so moved. Although no such motion was ever proffered, defendant was not prejudiced thereby. It had notice of the issues raised and fully briefed them. Under these circumstances, reversal is not required. See *Gellenbeck v Sears, Roebuck & Co,* 59 Mich App 339, 341-342; 229 NW2d 443 (1975).

Defendant also argues that the trial judge erred in granting plaintiff's motion for summary judgment. We disagree. The statute of frauds, MCL 566.108; MSA 26.908, requires that every contract for the sale of land must be signed by the party "by whom the * * * sale is to be made". The statute was interpreted in *Fields v Korn,* 366 Mich 108; 113 NW2d 860 (1962), to require the signature of *each* holder of an undivided one-half interest in the property being sold. In the absence of the required signatures, the Court in *Fields* ruled that the contract for the sale of the land was void, as a violation of the statute of frauds.

Although in the instant case we are dealing with the dower interest of defendant's wife, MCL 558.1; MSA 26.221, we find this distinction insignificant and conclude that *Fields* controls this situation as well. Since there was no acceptance

between the parties in this case by defendant's wife of plaintiff's offer to purchase the property, no valid contract was ever created. Plaintiff was free to withdraw its offer prior to acceptance by requesting a refund of its deposit. *Board of Control of Eastern Michigan University v Burgess,* 45 Mich App 183, 186-187; 206 NW2d 256 (1973).[1]

Affirmed. Costs to plaintiff.

[1] Because of our resolution of this issue we need not discuss the effect, if any, of the phrase "if seller is married, wife must sign" contained in the purchase agreement.